In the Matter of the Appraisal under the Transfer Tax Act of the Estate of JOSEPH STICKNEY, Deceased.

CAROLINE F. STICKNEY et al., as Executors, Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

EVIDENCE — VALIDITY OF STATUTE — AUTHENTICITY OF LEGISLATIVE JOURNALS. Where the validity of a statute has been attacked upon the ground of its unconstitutionality in that the requisite number of members of the legislature were not present and voting at the time of its passage, and defectively certified copies of the journals of the legislature have been received in evidence to disprove such contention, the objection on appeal that the authenticity of the original journals had not been established, and

that, therefore, certified extracts therefrom were incompetent, is practically cured by the enactment by the legislature, after the argument of the appeal, of a statute (L. 1906, ch. 240) declaring the printed copies to be the original journals of the two houses, and making them, or copies thereof, competent evidence when certified by the respective clerks of the senate and assembly.

*Matter of Stickney,* 110 App. Div. 294, affirmed.

(Argued March 5, 1906; decided May 1, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 12, 1906, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the real property of Joseph Stickney, deceased, passing to his widow as devisee.

*Edward Mitchell* for appellants.

*Charles O. Maas, George M. Judd* and *Edward H. Fallows* for respondent.

*Per Curiam.* It has been held by this court that where the Session Laws show a statute to have been passed, but the certificates of the presiding officers of both houses attached to the original bill are defective in failing to show that the requisite number of members were present or voted therefor, recourse may be had to the journals of the two houses to support the validity of the enactment. (*Matter of N. Y. & L. I. R. R. Co.,* 148 N. Y. 540.) An appeal to those journals shows that when the statute now under review, the enactment of which is challenged, was passed, there was present in each house of the legislature the requisite constitutional number of members, to wit, three-fifths. It is contended, however, that the authenticity of the journals of the legislature, certified copies of which were put in evidence, was not established, and that with the failure of any original record certified extracts therefrom were not competent. Without expressing any opinion on this objection it is sufficient to say that the question has now been set at rest by the

enactment, since the argument of the appeal, of chapter 240 of the Laws of 1906, which in express terms declares the printed copies to be the original journals of the two houses and makes them, or copies thereof, competent evidence when certified by the respective clerks of the senate and assembly.

The order should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order affirmed.